IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT RAYMOND FASUGA,<br><br>  Defendant. | CR-21-03-H-BMM<br><br>ORDER |

Defendant Robert Raymond Fasuga ("Fasuga") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 45.) The Court appointed counsel to assist Fasuga in this matter on April 11, 2023. (Doc. 41.) Fasuga has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 46-1.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). The Court now denies Fasuga's Motion for Compassionate Release.

The Court may reduce a sentence after considering the sentencing factors in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). A defendant's medical condition, including a "serious and advanced illness with an

end of life trajectory," may constitute an "extraordinary and compelling reason" justifying release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A); *see also* U.S.S.G. § 1B1.13(1)(A). The defendant need not have a terminal illness, however: a "serious physical or medical condition," "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" may constitute an "extraordinary and compelling reason" for release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The guideline also requires evidence that the defendant's condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is something "from which he or she is not expected to recover." *See id.*

Fasuga seeks release because of his difficulty breathing, which he attributes to lingering effects of COVID-19, and chronic back pain. (Doc. 46 at 3.) Fasuga reported to Bureau of Prisons Health Services that it felt like "there's water on my lungs." (Doc. 46-1 at 2.) Fasuga was treated for gastro-esophageal reflux disease, or GERD, on November 4, 2022, and diagnosed with signs of a respiratory infection and treated on December 5, 2022. (Doc. 49-1 at 15, 9-10.) He was referred for a chest x-ray and treated with an albuterol inhaler, albuterol sulfate nebulizer, and oral steroids for shortness of breath. (Doc. 49-1 at 10.) Fasuga received another prescription for an albuterol inhaler "to prevent/relieve asthma attack" on January 3, 2023, in his apparent final interaction with Health Services before filing his Motion

for Compassionate Release on July 27, 2023. (Doc. 49-1 at 1.)

Fasuga's chronic back pain, although serious, preexisted his current term of incarceration. *See* (Doc. 38 at 21.) He failed to seek a departure from the sentencing guidelines under USSG § 5H1.4, however, for his back pain at his recent sentencing hearing on October 13, 2021. *See* (Doc. 33); (Doc. 36.) Fasuga, it appears, committed the offense for which he now serves a term in custody while suffering from the same chronic back condition of which he now complains. *See* (Doc. 38 at 21.) Fasuga's ability to commit the offense while suffering back pain indicates that he remains able to provide self-care in custody while suffering the same or similar back pain. Fasuga's representations to the Court do not show that he suffers from serious medical conditions that diminish his ability to provide self-care in a carceral setting. U.S.S.G. § 1B1.13 cmt. n.1(A).

The Court notes the seriousness of Fasuga's offense. Fasuga possessed a stolen firearm and conspired to distribute methamphetamine. (Doc. 38 at 4-6.) Fasuga also fled police in a vehicle and, when he stopped, put two guns to his own head and threatened to kill himself until law enforcement officers convinced him not to do it. (Doc. 38 at 5.) Fasuga's criminal history also includes felony convictions, including theft and criminal endangerment charges. (Doc. 38 at 8-16.) Fasuga likely would continue to pose a danger to public notwithstanding his ailments and the conditions imposed by his four-year term of supervised release. *See* (Doc. 37 at 3-

5); *see also* U.S.S.G. § 1B1.13(2).

The Court also determines that the time Williams already has served does not satisfy the sentencing goals of just punishment, deterrence, and promoting respect for the law. *See id;* 18 U.S.C. 3353(a). Fasuga has served less than a third of his 120-month custodial sentence and has not yet served the mandatory five-year minimum sentence for his offense. *See* (Doc. 37; Doc. 38 at 25.) Finally, Fasuga has not demonstrated that seeking treatment within the community upon release represents Fasuga's best opportunity to access medical care in an effective manner. *See* 18 U.S.C. § 335(a)(2)(D). The sentencing factors weigh against modifying Fasuga's sentence for these reasons.

Fasuga has failed to demonstrate extraordinary and compelling reasons to reduce his sentence at this time. The approximately twenty-five months that he has served, notwithstanding his complained-of ailments, do not satisfy the federal sentencing goals described in 18 U.S.C. § 3553(a). The Court declines to grant Fasuga's motion at this time and suggests that Fasuga file a new motion if his condition deteriorates or after he has completed the fire-year mandatory minimum part of his sentence.

Accordingly, **IT IS HEREBY ORDERED** that

Fasuga's Motion (Doc. 45) is DENIED.

Dated this 14th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court